IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


FERNARDO MOORE,                          Civ. No. 05-603-AA

       Petitioner,                        OPINION AND ORDER

   v.

STATE OF OREGON,

       Respondent.

_____

Anthony Bornstein
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for Petitioner

Hardy Myers
Attorney General
Johnathan W. Diehl
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301
    Attorneys for Respondent


1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner challenges his conviction for first-degree sodomy through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons given below, the petition is denied and this case is dismissed.

BACKGROUND

In 1997, after trial by jury, petitioner was convicted of first-degree sodomy. The trial court sentenced petitioner to the mandatory minimum term of 100 months imprisonment and twenty years post-prison supervision, less time served. Petitioner appealed his conviction, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Moore, 169 Or. App. 588, 9 P.3d 158, rev. denied, 331 Or. 361, 19 P.3d 354 (2000).

Petitioner sought post-conviction relief (PCR) in Umatilla County Circuit Court, alleging an unlawful sentence, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. After a bench trial, the PCR court denied relief on all claims. Petitioner appealed the PCR court's decision, and petitioner's counsel filed an appellate brief pursuant to the procedure outlined in State v. Balfour, 311 Or. 434, 451, 814 P.2d 1069 (1991). Under Balfour, if a petitioner seeks to raise claims that counsel considers to be frivolous, a brief may be submitted containing a "Section A" including a statement of the case and

2 - OPINION AND ORDER

facts signed by counsel, and a "Section B" raising requested claims of error signed only by petitioner.  <u>Balfour</u>, 311 Or. at 451-52, 814 P.2d 1069.  In his Section B brief, petitioner claimed abuse of discretion by the trial court and ineffective assistance of post-conviction counsel for failing to pursue claims of ineffective assistance with respect to his trial and appellate counsel.  Resp. Ex. 120.  The Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review.  <u>Moore v. Hill</u>, 196 Or. App. 787, 106 P.3d 699 (2004), <u>rev. denied</u>, 338 Or. 363, 109 P.3d 797 (2005).

DISCUSSION

In his federal petition, petitioner asserts four grounds for relief:  ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, and governmental misconduct.  The State argues that review of petitioner's claims is barred, because petitioner did not present his federal constitutional claims to the highest state court and is now procedurally barred from doing so.  Petitioner did not respond to the State's assertion of procedural default, instead relying on the merits of his claims.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider

granting habeas corpus relief.   28 U.S.C. § 2254(b)(1); <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982).   In so doing, a state prisoner must fairly present the federal claim to the highest state court and "include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 163-64 (1996); <u>Picard v. Connor</u>, 404 U.S. 270, 277-78 (1971) (a claim is "fairly presented" if the petitioner described to the state court both the operative facts and the federal legal theories on which the federal claim is based).   Federal courts may not review claims that were not exhausted and are now procedurally barred from being presented to the state's highest court, unless the petitioner is able to show cause for the default and prejudice resulting from the alleged violations.   <u>Gray</u>, 518 U.S. at 162, 165; <u>Coleman v. Thompson</u>, 501 U.S. 722, 749-50 (1991).

Review of the state court record reveals that in appealing the denial of his PCR petition, petitioner did not raise claims of ineffective assistance of trial and appellate counsel or prosecutorial misconduct to the Oregon Supreme Court.   Instead, petitioner asserted that his PCR counsel rendered ineffective assistance in failing to raise the deficiencies of his trial and appellate counsel. Resp. Exs. 120, 122. Consequently, petitioner did not exhaust his state remedies with respect to the federal claims alleged in his § 2254 petition.   Further, petitioner does

4 - OPINION AND ORDER

not dispute that he can no longer present his claims to the Oregon Supreme Court, and that his claims are procedurally defaulted as a result.  <u>See</u> Or. Rev. Stat. §§ 2.520 and 138.550(3).  Therefore, review of petitioner's claims is barred.

Moreover, even if petitioner exhausted his state remedies and his claims reviewed on the merits, I would deny relief.  Here, the PCR trial court reviewed petitioner's claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct and denied relief.  <u>See</u> Resp. Ex 117.  Based on the record before this court, I cannot find that the PCR court's decision was contrary to or an unreasonable application of clearly established federal law.  <u>See</u> Resp. Exs. 111-116; <u>see also</u> 28 U.S.C. § 2254(d)(1); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72-74 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 405-07, 413 (2000).

CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied (doc. 2). This case is dismissed.

IT IS SO ORDERED.

Dated this 11TH day of January, 2008.

_____
Ann Aiken
United States District Judge